Michael **SPINELLA**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19485.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1962.

Andrew B. Crummy, Newark, N. J., William C. Lewis, Coral Gables, Fla., E. S. Corlett, III, William C. Merritt, Miami, Fla., Wm. A. Hyman, New York City, Hyman, Hayman & Harris, New York City, and Sherouse & Corlett, Miami, Fla., Attorneys for appellant Michael Spinella.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

This is an appeal by the taxpayer, Spinella, from an order of the trial court directing the payment to the Internal Revenue Service of $100,000 out of funds in the possession of a Receiver appointed by the trial court for appellant and a Corporation in which he was interested, Arcola Lodges, Inc. The trial court ordered that the said sum be "applied against the outstanding income tax assessment of Michael Spinella and/or Arcola Lodges, Inc."

Appellant here contends that the said sum was derived solely from the assets of Spinella and that the trial court erred in directing that any part thereof be applied to the tax liability of Arcola Lodges, Inc.

The Government, by a motion now filed in this Court, asks that the order of the trial court appealed from be vacated " * * * [S]ince the actual language of the order may well seem to place the allocation at the immediate discretion of the Service, without judicial determination", whereas "Because of the conflicting claims * * * of the appellant and Arcola Lodges, Inc. to the $75,000 proceeds of the Plantation Key sale, the Government suggests that the September 8, 1961 order of the court contemplated an ultimate allocation of the $100,000, following a determination of these claims by agreement or by adjudication", and also because "A return of the case to the District Court is desirable, also, for the purposes of determining the validity, amounts and priorities of other claims to the fund", including a claim by the Commissioner of Internal Revenue for additional taxes for subsequent years.

We agree that the order must be vacated in order that all issues which are

necessary to be determined as to the proper application of the funds in the hands of the Receiver may be resolved in the trial court.

The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.